91 A.2d 674 (1952)
HURLEY
v.
HURLEY et al.
Court of Chancery of Delaware, Sussex.
October 28, 1952.
James M. Tunnell, Sr., Georgetown, for plaintiff.
Daniel J. Layton, Jr., Georgetown, for defendants.
SEITZ, Chancellor.
This is an action by the executrix of a deceased partner's estate seeking an accounting from the two surviving partners.
For many years the three partners operated a business known as Hurley and Willin. They sold building supplies at retail. The partners had no written agreement but the undisputed oral arrangement was that they shared equally in the partnership profits and losses. Thus, when Leroy B. Hurley died on December 5, 1949 he was a one-third owner of the business. The surviving partners continued to operate the business but only for the purpose of bringing about its liquidation, and not for the purpose of continuing it as a going concern. A few new purchases were made but only for the purpose of being able to dispose of the large inventory which was on hand at the death of Leroy B. Hurley. It was not until March of 1952 that the surviving partners completed the liquidation and tendered one-third thereof to the plaintiff. Plaintiff refused such sum contending that she was entitled to receive a larger sum, and that she was enitled to receive interest from the date of the deceased partner's death.
Defendants contend that the evidence demonstrates that plaintiff has been tendered the amount to which she is entitled.
The opposing parties make great point of the fact that the business was continued. Plaintiff relies on Para. 3406GG, Sec. 18 GG, which in so far as pertinent provides:
"When any partner retires or dies, and the business is continued under any of the conditions set forth in 3406FF. Sec. 18FF. (1, 2, 3, 5, 6), or 3406CC. Sec. 18CC. (2b), without any settlement of accounts as between him or his estate and the person or partnership continuing the business, unless otherwise agreed, he or his legal representative as against such persons or partnership may have the value of his interest at the date of dissolution ascertained, and shall receive as an ordinary creditor an amount equal to *675 the value of his interest in the dissolved partnership with interest, or, at his option or at the option of his legal representative, in lieu of interest, the profits attributable to the use of his right in the property of the dissolved partnership; * * *."
The Uniform Partnership Act is found in 46 Laws of Delaware, Chapter 229.
Defendants take the position that there was a definite agreement between plaintiff and defendants that the business should continue solely for the purpose of liquidating the inventory. Plaintiff denies that there was any such agreement.
I think it unnecessary to decide whether the parties actually agreed that defendant should continue the business for the purpose of liquidating it. I say this because I believe the evidence clearly demonstrates that the defendants did in fact continue the business only in the sense that they sought to liquidate it at a better price than would have been produced by an immediate liquidation. I therefore do not believe that the business was continued under any of the conditions or within the meaning of that language as it is employed in Sec. 18GG.
Sec. 18V(4) of the Uniform Partnership Act provides that a partnership is dissolved by the death of any partner. However, by Sec. 18U of the same act the dissolution does not terminate the partnership, but it continues until the winding up of the partnership affairs is completed. Thus, the partnership of Hurley and Willin was dissolved by Mr. Leroy B. Hurley's death but the partnership was not terminated until the winding up of its affairs was completed. By Sec. 18BB of the Act a surviving partner who has not wrongfully dissolved the partnership has the right to wind up the partnership affairs provided, however, that any partner, inter alia, may in a proper case have a winding up by the court. The partnership was not wrongfully dissolved here and so the surviving partners had the right to wind up the partnership affairs.
I believe that the defendants were entitled to wind up the partnership affairs by liquidating the assets over a period of time rather than by an immediate forced sale. There is no evidence that the defendants took an unreasonably long time in winding up the business. In fact the uncontradicted testimony was to the effect that substantially more was realized by proceeding in the manner indicated rather than by an immediate liquidation.
I therefore conclude that the defendants did not continue to operate the business in the sense of that language in Para. 3406FF Sec. 18FF of the Uniform Partnership Act. On the contrary, I believe that the defendants were operating the business only in the liquidation sense under the rightful authority granted by Para. 3406 BB, Sec. 18BB of the Act to wind up the affairs of the dissolved partnership. Compare Wood v. Wood, 312 Pa. 374, 167 A. 600.
It is not suggested that the final accounting submitted by defendants (Defendants' Exhibit 3) is otherwise inaccurate. I therefore declare it to be a proper accounting of the partnership affairs and a correct final allocation of partnership interests. Under these circumstances plaintiff is not entitled to interest. My conclusion may be incorporated in the final judgment.
Order on notice.